# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re: Shane Patrick Lewis,<br><br>*Debtor.* | Case No. 25-14503-amc<br>Chapter 7 |
| Shane Patrick Lewis,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. Department of Education,<br>Central Research Inc.,<br><br>*Defendants.* | Adversary No. |

**Complaint to Determine Dischargeability of Student Loan Debt**

Plaintiff Shane Patrick Lewis makes this complaint to determine the dischargeability of student loan debt under 11 U.S.C. § 523(a)(8), and alleges as follows:

**Jurisdiction**

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. The Plaintiff consents to the entry of a final order by this Court.

4. Venue is proper under 28 U.S.C. § 1409.

**Parties**

5. The Plaintiff is an individual debtor who commenced the above-captioned bankruptcy case by filing a voluntary petition under Title 11 of the United States Code on November 4, 2025 (the "Petition Date").

6.   Defendant U.S. Department of Education ("DOE") is a governmental unit that holds certain educational loans owed by the Plaintiff. Its principal place of business is 400 Maryland Avenue SW, Washington, DC 20202.

7.   Defendant Central Research Inc. ("CRI") is a corporation and the current servicer of certain educational loans owed by the Plaintiff. Its principal palace of business is 122 N. Bloomington Street Suite I, Lowell, AR 72745.

### Background

8.   The Plaintiff incurred student loan debts totaling approximately $313,485 (the "Student Loans") for educational purposes while attending medical school to pursue a medical degree.

9.   The Student Loans consist of federal loans held by DOE and serviced by CRI.

10.  The Plaintiff did not complete the medical degree program because the Plaintiff was unable to pass the necessary exams.

11.  Excepting the Student Loans from discharge would impose an undue hardship on the Plaintiff within the meaning of 11 U.S.C. § 523(a)(8).

12.  The Plaintiff is unemployed and receives $1,000 in monthly income from parental contributions.

13.  The Plaintiff's monthly expenses total $1,000 for necessary items, including food, clothing, personal care, medical expenses, transportation, entertainment, and telephone/internet services.

14.  The Plaintiff has no disposable income after expenses to repay the Student Loans while maintaining a minimal standard of living.

15. The Plaintiff's inability to repay is likely to persist because the Plaintiff is unemployed, relies on parental contributions that are not guaranteed, and cannot work in the medical field due to failure to complete the degree.

16. The Plaintiff has made good faith efforts to repay the Student Loans by enrolling in an income-driven repayment plan and applying for deferments.

## Count I
### Dischargeability (11 U.S.C. § 523(a)(8))

17. The Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

18. Pursuant to 11 U.S.C. § 523(a)(8), the Student Loans are dischargeable because excepting them from discharge would impose an undue hardship on the Plaintiff.

### Request for Relief

**NOW, THEREFORE**, the Plaintiff respectfully requests that the Court enter judgment for him and against the Defendants:

A. declaring the Student Loans dischargeable in their entirety, and

B. awarding such further relief as may be necessary and proper under the law.

Date: November 11, 2025

**SADEK LAW OFFICES LLC**
*Attorney for Plaintiff*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 JFK Blvd., Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com